```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -x
                                  :
UNITED STATES OF AMERICA          :        INDICTMENT
                                  :
        - v. -                    :        S2 18 Cr. 224 (AJN)
                                  :
BAHRAM KARIMI,                    :
                                  :
                Defendant.        :
                                  :
- - - - - - - - - - - - - - - - -x
```

## BACKGROUND

1.    At all times relevant to this Indictment, BAHRAM
KARIMI, the defendant, was employed by Stratus International
Contracting Company, an Iranian company established in Tehran,
Iran, that was part of Stratus Group, an Iranian conglomerate
also established in Iran.  Stratus Group and Stratus
International Contracting Company were controlled and operated
by a co-conspirator not named as a defendant herein ("CC-1") and
CC-1's family, including CC-1's son ("CC-2").

2.    In or about 2006, Stratus Group incorporated a
company in Iran, which was then-known as the Iranian
International Housing Corporation ("IIHC").  At all times
relevant to this Indictment, IIHC was owned and operated by
Stratus Group.

3.    On or about July 2, 2007, IIHC entered into a
contract with a subsidiary (the "Venezuelan Subsidiary") of a

Venezuelan state-owned energy company (the "VE Company"), which called for IIHC to build approximately 7,000 housing units in Venezuela in exchange for approximately $475,734,000 U.S. dollars (the "Venezuela Project").

4.    In or about 2009, Stratus Group created the Venezuela Project Executive Committee (the "Venezuela Committee") to oversee the execution of the Venezuela Project. Its members included, among others, BAHRAM KARIMI, the defendant, CC-1, and CC-2.

5.    In or about 2010, CC-1 and CC-2 incorporated two entities outside Iran, using St. Kitts and Nevis passports and a Dubai, United Arab Emirates address, for the purpose of, *inter alia*, receiving U.S. dollar ("USD") payments related to the Venezuela Project on behalf of IIHC:  (a) Clarity Trade and Finance ("Clarity"), which was incorporated in Switzerland on or about March 19, 2010, and (b) Stratus International Contracting, J.S., a/k/a "Stratus Turkey," a/k/a "Straturk" ("Stratus Turkey"), which was incorporated in Turkey on or about October 20, 2010.  At all times relevant to this Indictment, Stratus Turkey and Clarity were owned and controlled by CC-1, CC-2, and their family members.

6.    At all times relevant to this Indictment, BAHRAM KARIMI, the defendant, CC-2, and others conspired to and did

2

conduct international financial transactions using Clarity and Stratus Turkey on behalf of and for the benefit of Iranian individuals and entities, including themselves and IIHC, in order to conceal from U.S. banks and others that services were being provided to Iran in violation of U.S. sanctions laws.

## STATUTORY ALLEGATIONS

### COUNT ONE

#### (Conspiracy to Commit Bank Fraud)

The Grand Jury charges:

7. From at least in or about 2009, up to and including at least in or about May 2014, in the Southern District of New York, Turkey, Switzerland, Iran, and elsewhere, BAHRAM KARIMI, the defendant, and others known and unknown, knowingly and willfully did combine, conspire, confederate, and agree together and with each other to commit bank fraud, in violation of Title 18, United States Code, Section 1344.

8. It was a part and an object of the conspiracy that BAHRAM KARIMI, the defendant, and others known and unknown, would and did knowingly execute and attempt to execute a scheme or artifice to defraud a financial institution, the deposits of which were then insured by the Federal Deposit Insurance Corporation ("FDIC"), and to obtain moneys, funds, credits, assets, securities, and other property owned by and under the

3

custody and control of such a financial institution, by means of

false and fraudulent pretenses, representations, and promises,

in violation of Title 18, United States Code, Section 1344.

## Overt Acts

9.    In furtherance of the conspiracy and to effect

the illegal object thereof, BAHRAM KARIMI, the defendant, and

his co-conspirators committed the overt acts set forth below,

among others:

a.    Between in or about April 2011 and in or

about November 2013, KARIMI, CC-2, and others caused over ten

letters to be sent to a representative of the Venezuelan

Subsidiary with instructions for the Venezuelan Subsidiary to

engage in international financial transactions with Clarity and

Stratus Turkey on behalf of and for the benefit of Iranian

individuals and entities, including IIHC, in order to conceal

from U.S. banks and others that Iranian companies and persons

were involved in the transactions.  The letters directed the

Venezuelan Subsidiary to route payments to Clarity and Stratus

Turkey's bank accounts at a financial institution in Switzerland

through correspondent U.S. banks located in New York, New York.

b.    Between in or about April 2011 and in or

about November 2013, the VE Company, at the direction of KARIMI

and others, made approximately fifteen payments to IIHC on

4

behalf of the Venezuelan Subsidiary through Clarity and Stratus
Turkey that totaled approximately $115,000,000 USD.

(Title 18, United States Code, Sections 1349.)

## COUNT TWO

### (Bank Fraud)

The Grand Jury further charges:

10.    The allegations contained in paragraph 1 through
6 and 9 of this Indictment are repeated and realleged as if
fully set forth herein.

11.    From at least in or about 2009, up to and
including at least in or about May 2014, in the Southern
District of New York, Turkey, Switzerland, Iran, and elsewhere,
BAHRAM KARIMI, the defendant, and others known and unknown, did
knowingly execute and attempt to execute a scheme or artifice to
defraud a financial institution, the deposits of which were then
insured by the FDIC, and to obtain moneys, funds, credits,
assets, securities, and other property owned by and under the
custody and control of such financial institution, by means of
false and fraudulent pretenses, representations, and promises,
and aided and abetted the same, to wit, inducing U.S. financial
institutions to conduct financial transactions on behalf of and
for the benefit of the Government of Iran and Iranian entities
and persons using money and property owned by and under the

5

custody and control of such financial institutions, by deceptive
means.

(Title 18, United States Code, Sections 1344 and 2.)

## COUNT THREE

### (Making False Statements)

The Grand Jury further charges:

12.    The allegations contained in paragraph 1 through
6 and 9 of this Indictment are repeated and realleged as if
fully set forth herein.

13.    On or about January 22, 2020, in the Southern
District of New York, Canada, and elsewhere, BAHRAM KARIMI, the
defendant, in a matter within the jurisdiction of the executive
branch of the Government of the United States, knowingly and
willfully falsified, concealed, and covered up by a trick,
scheme, and device a material fact, and made materially false,
fictitious, and fraudulent statements and representations, to
wit, during an interview with, among others, representatives of
the Federal Bureau of Investigation concerning an investigation
being conducted in the Southern District of New York, KARIMI
falsely stated that, during the course of the Venezuela Project,
KARIMI believed that international sanctions against Iran did
not apply to Iranian companies or persons.

(Title 18, United States Code, Section 1001.)

6

## **FORFEITURE ALLEGATIONS**

14.    As a result of committing the offenses alleged in
Counts One and Two of this Indictment, BAHRAM KARIMI, the
defendant, shall forfeit to the United States, pursuant to Title
18, United States Code, Section 982(a)(2)(A), any and all
property constituting or derived from, proceeds obtained
directly or indirectly, as a result of the commission of said
offenses, including but not limited to a sum of money in United
States currency representing the amount of proceeds traceable to
the commission of said offenses that the defendant personally
obtained.

### **Substitute Assets Provision**

15.    If any of the above-described forfeitable

property, as a result of any act or omission of the defendant:

- a)    cannot be located upon the exercise of due diligence;

- b)    has been transferred or sold to, or deposited with, a third person;

- c)    has been placed beyond the jurisdiction of the court;

- d)    has been substantially diminished in value; or

- e)    has been commingled with other property which cannot be subdivided without difficulty;

7

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 981, 982;
Title 21, United States Code, Section 853;
Title 28, United States Code, Section 2461.)

_____          Geoffrey S. Berman
Foreperson                         GEOFFREY S. BERMAN
                                   United States Attorney

8

Form No. USA-33s-274 (Ed. 9-25-58)

---

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA**

**v.**

**BAHRAM KARIMI,**

**Defendant.**

---

**SEALED INDICTMENT**

S2 18 Cr. 224 (AJN)

(18 U.S.C. §§ 1344, 1349, 1001, and 2.)

GEOFFREY S. BERMAN
United States Attorney.

**A TRUE BILL**

Foreperson.

---

1/31/2020   Filed Indictment, Warrant issued

COTT/USMJ