**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 16, 2020

The Honorable Alison J. Nathan
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square, Courtroom 1306
New York, New York 10007

     **Re:** *United States v. Ali Sadr Hashemi Nejad*, **18 Cr. 224 (AJN)**

Dear Judge Nathan:

This letter is respectfully submitted in response to the Court's June 9, 2020, Order.

I am the Office's Criminal Discovery Coordinator and Professional Responsibility Officer for the Office's Criminal Division. Commencing around the end of May 2020 I began to look into matters related to disclosure issues in this case and have since been tasked with providing the Court with answers to the questions in the Court's June 9, 2020, Order. From the work I have done so far, I have concluded that given the length of time this investigation and prosecution has taken, changes in prosecutors assigned to the matter, the amount of material that may need to be reviewed, and the number of facts to be assessed, I cannot provide an appropriate response to the Court's factual questions by the June 18, 2020, deadline in the Court's letter. Accordingly the Government respectfully requests an extension of time until July 2, 2020, to respond to those factual questions.

The Government respectfully submits the following responses to the Court's legal questions:

**The Court's Introductory Question.** *On or before June 18, 2020, the Government is ordered to respond to Mr. Sadr's submission, including his specific suggestion for the appropriate mechanism for dismissal, as outlined in Dkt No.349.*

    **Response.** The Government agrees that the Court's order of dismissal should specify that the dismissal is with prejudice. The Government has no objection to the Court including in its Order the language the defendant believes may assist him in any immigration proceedings, namely, that "There was never a judgment of conviction in this case. The jury's verdict is vacated, and has no legal effect." The Government respectfully submits that the defendant's motion for a new trial should be denied as moot given the Government's determination that the matter should be dismissed with prejudice; any discussion of the lesser alternative of a new trial would seem unnecessary. The Government respectfully submits this Response both to the Court's question, and in direct response to the defendant's submission at Docket No. 349.

**Question 9.** *Does the Government agree that even after granting the application for nolle prosequi or dismissing the indictment in the manner requested by the defense, the Court possesses continuing supervisory authority to determine if sanctions are appropriate for any ethical violations and/or prosecutorial misconduct? See United States v. Seltzer, 227 F.3d 36, 41–42 (2d Cir. 2000) (discussing district courts' inherent power to impose sanctions).*

**Response.** Yes.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

by: _____
JOHN M. McENANY
Associate United States Attorney
(212) 637-2571

cc: Defense Counsel (by ECF)